```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DAVID E. BOWYER,**

    **Plaintiff,**

**v.**                //    **CIVIL ACTION NO. 1:16CV203**
                                            **(Judge Keeley)**

**ROVER PIPELINE, LLC,**
**a Delaware Limited Liability Company,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING**
**PLAINTIFF'S MOTION TO REMAND [DKT. NO. 7]**

On September 29, 2016, the plaintiff, David E. Bowyer ("Bowyer"), filed a "Complaint and Verified Petition for Declaratory Judgment and Motion for Preliminary and/or Permanent Injunction" against the defendant, Rover Pipeline, LLC ("Rover"), in the Circuit Court of Doddridge County, West Virginia ("Circuit Court") (Dkt. No. 1-1). On October 7, 2016, Rover moved to dismiss the complaint, arguing that Bowyer's claims were not ripe, he had failed to exhaust his administrative remedies, and the court did not have authority to grant him relief (Dkt. No. 4-3). According to the parties, on October 12, 2016, the Circuit Court denied Bowyer's motion for injunctive relief as well as Rover's motion to dismiss (Dkt. Nos. 1 at 2; 7-1 at 1-2).

On October 25, 2016, Rover timely removed the case to this Court, citing federal question jurisdiction (Dkt. No. 1 at 3).[1]

---

[1] "[F]iling a pleading like an answer or a motion to dismiss does not waive [the] right of removal." Barger v. GAP Entech, Inc.,

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 7]**

Bowyer moved to remand the case to the Circuit Court on November 7, 2016 (Dkt. No. 7). After full briefing, the Court heard argument on the motion on January 12, 2017 (Dkt. No. 10), and for the reasons that follow, finds that it lacks subject matter jurisdiction on the basis of federal question. It therefore **GRANTS** Bowyer's motion to remand (Dkt. No. 7) and **REMANDS** this case to the Circuit Court of Doddridge County, West Virginia.

### I. BACKGROUND

**A.  Factual Allegations**

The dispute in this case arises out of Rover's efforts to construct a high-pressure interstate natural gas pipeline, which would cross a portion of Boywer's property in Doddridge County, West Virginia. The proposed pipeline ("Rover Project") would begin in Doddridge County and end outside of the state. According to the complaint, Rover has submitted pre-filing materials to the Federal Energy Regulatory Commission ("FERC") in pursuit of a Certificate of Public Convenience and Necessity ("Certificate") pursuant to the Natural Gas Act ("NGA"). The complaint alleges, however, that Rover has not yet received a Certificate (Dkt. No. 1-1 at 5-6, 9).

---

No. 1:15cv51, 2015 WL 3504438, at *4 n.2 (N.D.W. Va. June 3, 2015) (citing 16 Moore's Federal Practice § 107.18[3][b] (Matthew Bender 3d Ed.)).

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND [DKT. NO. 7]**

Rover has attempted to purchase a permanent right of way over a portion of Bowyer's 259-acre property. Id. at 2, 6. Bowyer, however, asserts that Rover's predetermined location for the proposed easement "is not suitable or agreeable." Id. He is concerned that if Rover locates the pipeline where it seeks to the easement and construction will have adverse affects on his plans to develop and harvest certain timber from the property, as well as do irreparable harm to the surface and waterways. Id. at 6-7. Bowyer has proposed that Rover consider an alternate route across his property that will have "no adverse effect, impact or result upon adjacent property owners" and "little to no adverse effect, impact or result upon" Rover itself. Id. at 7. Despite his attempt to accommodate Rover's needs, Bowyer alleges that Rover has refused to engage in good faith discussions regarding the location of an easement. Id.

Bowyer further claims that he has advised Rover on multiple occasions that it was trespassing on his land without any lawful authority, much less his consent. Id. at 7-8. Nonetheless, Rover allegedly threatened to continue trespassing in a manner that Bowyer claims will cause irreparable harm to his interest in the property. Since that time, as recently as the summer of 2016, Rover has expressed a desire to conduct surveys on Bowyer's land, for

which Bowyer has consistently refused permission. Nonetheless, Rover's agents allegedly have trespassed on his property without regard for his wishes and the "no trespassing" signs that he has posted. Id. at 9. Bowyer contends that because the Rover Project will not serve West Virginians, and Rover has not received a FERC Certificate, Rover has no right to enter his property without first obtaining his permission. Id. at 9-10.

**B.     Claims for Relief**

In the complaint, Bowyer seeks to establish his right to relief in three claims, each of which requests declaratory relief under W. Va. Code § 55-13-1 (Dkt. No. 1-1 at 10-14). Count One seeks a declaration that, because the Rover Project is not for the public use of West Virginians, Rover does not have the power of eminent domain under West Virginia Code § 54-1-3. Id. at 10-12.[2] In the alternative, even if Rover has the power of eminent domain under West Virginia law, Count Two seeks a declaration concerning the location and extent of the area to be surveyed under that power. Id. at 12-13. Lastly, Count Three seeks an alternative declaration concerning the scope of activities authorized to take

---

[2] Other plaintiffs recently had success before the Supreme Court of Appeals of West Virginia on a similar request. See Mountain Valley Pipeline, LLC v. McCurdy, No. 15-0919, 2016 WL 6833119 (W. Va. Nov. 15, 2016).

4

place during pre-condemnation surveys conducted under the authority of West Virginia law. Id. at 13-14.

In closing, Bowyer reiterates his requests for the declaratory relief outlined above, and he also asks for a declaration "that Plaintiff's proposed alternative route upon the subject property is reasonable and be used to mitigate damage to Plaintiff's property." Id. at 14.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 1441 provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." "The burden of establishing federal jurisdiction is placed upon the party seeking the removal," Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994), and "state law complaints usually must stay in state court when they assert what appear to be state law claims." Lontz v. Tharp, 413 F.3d 435, 440 (4th Cir. 2005).

Federalism counsels that removal jurisdiction should be strictly construed. Palisades Collections LLC v. Shorts, 552 F.3d 327, 334 (4th Cir. 2008) (citing Md. Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)). As this Court has previously noted, "[a]ll doubts about the propriety of removal

5

should be resolved in favor of retaining state court jurisdiction," and thus remanding a case to state court. Vitatoe v. Mylan Pharmaceuticals, Inc., 2008 WL 3540462, at *2 (N.D.W. Va. Aug. 13, 2008) (citing Hartley v. CSX Transp., Inc., 187 F.3d 422, 425 (4th Cir. 1999)). The Court is limited to considering the facts on the record at the time of removal. See Lowrey v. Al. Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007).

### III. DISCUSSION

Rover claims that removal of this action is proper under federal question jurisdiction,[3] because Bowyer's complaint requests a declaration that "Plaintiff's proposed alternate route upon the subject property is reasonable and be used to mitigate damage to Plaintiff's property" (Dkt. Nos. 1 at 2; 8 at 3). According to Rover, this request presents a federal issue on the face of the well-pleaded complaint because the pipeline's route will be determined by FERC under the NGA. After careful review, however,

---

[3] Although the parties are diverse, Rover does not assert that the Court has diversity jurisdiction. The burden is on Rover to establish jurisdiction, and the Court will not address jurisdictional bases not proposed by the parties. See Mulcahey, 29 F.3d at 151. The Court notes, however, that the amount-in-controversy requirement would likely not be met in this case. See McCurdy v. Mountain Valley Pipeline, LLC, No. 1:15-03833, 2015 WL 4497407 (S.D.W. Va. July 23, 2015) (remanding a similar case because the defendant would be able to conduct necessary surveys upon receiving a "conditional" certificate from FERC).

the Court concludes that this case must be remanded to the Circuit Court of Doddridge County because it neither presents a federal cause of action nor involves a substantial question of federal law.

**A.    Federal Cause of Action**

District courts have original jurisdiction to hear cases involving a federal question, those cases that "arise under" federal law or the Constitution. 28 U.S.C. § 1331. The most obvious cases are those where federal law creates the cause of action asserted. Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916). Pursuant to the well-pleaded complaint rule, a case "arise[s] under" federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The well-pleaded complaint rule stands for the proposition that the court, in determining whether the case arises under federal law, will look only to the claim itself and ignore any extraneous material." 13D Wright & Miller, Federal Practice and Procedure § 3566 (3d. ed.). Notably, the Supreme Court analyzes the face of the well-pleaded complaint by reference to the "allegations" that it contains. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

Here, disregarding extraneous materials and analyzing only the factual and legal allegations of Bowyer's complaint, it is apparent

that Bowyer seeks a declaration of rights under West Virginia's eminent domain law. Bowyer seeks to establish that, prior to receiving a FERC certificate, Rover does not have the power of eminent domain under West Virginia law and thus cannot enter his property without permission (Dkt. No. 1-1 at 10-12). Alternatively, he seeks a declaration of the scope and extent of Rover's rights if a court determines that Rover has the power of eminent domain under West Virginia law. Id. at 12-14.

As Rover points out, Bowyer's prayer for relief includes a request that the Court declare that his proposed alternate route for Rover's interstate pipeline is reasonable and should be used by Rover (Dkt. No. 1-1 at 14). Rover also correctly argues that the state court does not have authority to grant such relief. Unfortunately for Rover, nor does this Court. The Natural Gas Act gives FERC sole discretion to determine the pathway of Rover's proposed interstate pipeline. See 15 U.S.C. § 717f(c). Those wishing to challenge FERC's decisions in this regard must first apply to FERC for relief and then appeal any adverse decisions directly to the relevant court of appeals. See 15 U.S.C. § 717r(a)-(b).

Moreover, Rover's request for relief does not amount to a federal cause of action, and to the extent that it argues

otherwise, Rover has only artfully identified a federal defense. While it may be true that the Natural Gas Act preempts state law when the two are in conflict, the NGA certainly does not operate to completely preempt state eminent domain law prior to issuance of a FERC Certificate.[4] Such complete preemption would be a jurisdictional doctrine, but the primacy of NGA provisions over related state law is an ordinary preemption argument, which merely operates as a federal defense. Lontz, 413 F.3d at 440.

The existence of such a federal defense is insufficient to establish federal question jurisdiction or to provide a basis for removal, Caterpillar, 482 U.S. at 392, and the state court is capable of litigating this defense should Rover raise it there. See In re Blackwater Security Consulting, LLC, 460 F.3d 576, 589 (4th Cir. 2006) ("[R]emanding despite a potential federal defense does not hamstring the litigation of that defense in state court."). Therefore, Rover has not established that Bowyer's complaint contains a federal cause of action.

---

[4] Because complete preemption prevents the plaintiff from pleading under the law of his choice, defendants must meet an "exacting standard" to prove that federal law is meant to provide the exclusive cause of action. Lontz, 413 F.3d at 441.

**B.    Substantial Federal Question**

Even though Bowyer's complaint presents no federal cause of action, in select cases, state law claims may be sufficient to establish federal question jurisdiction. "Where state law creates the cause of action, federal-question jurisdiction will nonetheless lie if the 'plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Columbia Gas Transmission Corp. v. Drain, 191 F.3d 552, 557 (4th Cir. 1999) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813 (1986). The Court must ask, "does a state-law claim necessarily raise a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility?" Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Here, Bowyer's complaint does not fall within the "special and small category" of cases that give rise to such jurisdiction. See Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 699 (2006). First, the complaint's mere mention of Rover's FERC filing

and the NGA cannot operate to confer federal question jurisdiction on this Court anymore than the mere presence of a federal issue in a state cause of action can do so. See Merrell Dow, 478 U.S. at 813.

Second, and more importantly, the Supreme Court's analysis of whether a substantial federal question exists has consistently focused on the plaintiff's "right to relief," not his request for a remedy. See Franchise Tax Bd., 463 U.S. at 27-28; Merrel Dow, 478 U.S. at 808. Simply put, Bowyer's remedy requests have no bearing on whether he has a right to declaratory relief under West Virginia law. If Bowyer establishes that West Virginia eminent domain law entitles him to declaratory relief concerning Rover's activities, then the Circuit Court will be tasked with determining the proper scope of Bowyer's available remedy. See Aegis Defense Servs., LLC v. Chenega-Patriot Grp., LLC, 141 F. Supp. 3d 479, 487 (E.D. Va. 2015). That such a determination may involve reference to federal law is insufficient to raise a substantial federal question.

## IV. CONCLUSION

For the reasons discussed, the Court concludes that it lacks subject matter jurisdiction to hear this case. It therefore **GRANTS** Bowyer's motion to remand (Dkt. No. 7) and **REMANDS** this case to the Circuit Court of Doddridge County, West Virginia.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: January 23, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
